# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **EDWARD BOYLE** and **SCI-TEK PRODUCTS, LLC**,<br><br>Plaintiffs,<br><br>v.<br><br>**SYSTEMA USA, INC.** and **SYSTEMA GMBH**,<br><br>Defendants. | Case No. 3:17-cv-453-SI<br><br>**OPINION AND ORDER** |

Daniel L. Duyck, WHIPPLE & DUYCK, P.C., 1500 SW First Avenue, Suite 1170, Portland, OR 97201; Andrew L. Paris, ANDREW PARIS LAW, 1500 SW First Avenue, Suite 1170, Portland, OR 97201. Of Attorneys for Plaintiffs.

Katherine C. Tank, TANK LAW, PC, 404 SW Columbia Street, Suite 208, Bend, OR 97702. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

Edward Boyle and Sci-Tek Products, LLC (collectively, "Sci-Tek") bring this lawsuit against Systema USA, Inc. and Systema GMBH (collectively, "Systema"). Sci-Tek alleges that Systema failed to pay Sci-Tek commissions for sales that Sci-Tek made on Systema's behalf. In its Amended Complaint ("Am. Comp.") (ECF 8), Sci-Tek asserts claims of breach of express contract, breach of implied-in-fact contract, quantum meruit, and financial abuse of a vulnerable

person. Sci-Tek also seeks declaratory relief. Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, Systema moves to dismiss Sci-Tek's claims of breach of implied-in-fact contract, quantum meruit, and financial abuse of a vulnerable person. ECF 11. Sci-Tek concedes that its claim for financial abuse may be dismissed. ECF 15. For the reasons that follow, the Court grants Systema's motion to dismiss with leave to replead.

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

## BACKGROUND

Systema sells licensed software and provides implementation services to semiconductor manufacturers and others in high-tech industries. Boyle and his wife formed Sci-Tek to make sales on Systema's behalf. Sci-Tek sells both "Projects," which are the implementation, analysis, integration, and teaching of the use of Systema's software product systems, and "Licenses," which are agreements that allow use of Systema's software during a specified period of time. Sci-Tek and Systema entered into a Sales Representative Agreement (the "Agreement"), "effective as of the date of the last signature below." ECF 1 at 10. Sci-Tek signed the Agreement on August 1, 2010. Under the signature for Systema, the typewritten date "29.01.2010" appears. Sci-Tek alleges that Systema signed the Agreement on August 29, 2010. Am. Comp. ¶ 11.

After Systema terminated the Agreement on February 24, 2014, Sci-Tek demanded from Systema payment for sales commissions that Sci-Tek alleges it is owed. Systema, however, refused to pay Sci-Tek commissions on sales of Projects to customers that had already purchased services from Systema. Exhibit 2 of the Agreement provides that Systema will pay for implementation services performed by Systema as follows: "Fees due for any Customer who was not already a customer of SYSTEMA's and for existing SYSTEMA customers where new SYSTEMA Licensed Products are sold." ECF 1 at 26. The parties dispute the meaning and legal effect of this provision and, relatedly, whether Systema owes additional commissions to Sci-Tek.

# DISCUSSION

## A. Sci-Tek's Claim of Breach of Contract Implied-in-Fact

As its third claim, Sci-Tek alleges that it entered into an implied-in-fact contract with Systema under which Systema agreed to pay Sci-Tek commissions for sales "outside the scope of the [Agreement]." Am. Compl. ¶ 39. Systema argues that Sci-Tek has insufficiently alleged the elements of that claim and that Plaintiffs cannot maintain that claim because they allege the existence of an express contract governing the same subject matter.

As explained by the Oregon Court of Appeals:

> An implied-in-fact contract is no different in legal effect from an express contract. The only difference between them is the means by which the parties manifest their agreement. In an express contract, the parties manifest their agreement by their words, whether written or spoken. In an implied-in-fact contract, the parties' agreement is inferred, in whole or in part, from their conduct.

*Staley v. Taylor*, 165 Or. App. 256, 262 (2000). *See generally* 1 WILLISTON ON CONTRACTS § 1:5 (4th ed. 2017) ("An implied-in-fact contract requires proof of the same elements necessary to evidence an express contract: mutual assent or offer and acceptance, consideration, legal capacity and a lawful subject matter.").

Systema argues that Sci-Tek has not properly alleged: (1) that Systema offered to pay Sci-Tek for sales outside the scope of the Agreement, (2) that Sci-Tek accepted Systema's offer to enter into such a contract outside the scope of the Agreeemnt; and (3) that there was a mutual manifestation of assent to enter into such an implied-in-fact contract outside the scope of the Agreement. Sci-Tek responds that it has sufficiently alleged that Systema urged them to pursue "all sales on [Systema's] behalf, including 'Project' sales to existing customers (under either party's definition of the term)," and that all parties agreed that Plaintiffs would pursue sales

outside the scope of the Agreement.[1] Am. Comp. ¶¶ 38-39. During the period that the Agreement was in force between Sci-Tek and Systema, Sci-Tek allegedly sold Projects "to existing [c]ustomers where a new [Systema] licensed product is not sold . . . with Systema's full knowledge and understanding that these sales were being pursued," and Systema allegedly paid Sci-Tek commissions for these sales. Am. Comp. ¶¶ 17-18, 20; *see Staley*, 165 Or. App. at 262 n.6 ("Frequently, implied-in-fact contracts arise because an accepted course of conduct would permit a reasonable juror to find that the parties understood that their acts were sufficient to manifest an agreement."). After the termination of the Agreement, however, Systema refused to "pay commission for the sales of Projects outside the Scope of the [Agreement]," allegedly in breach of the implied-in-fact contract. Am. Comp. ¶ 41. Sci-Tek's allegations have been sufficiently pleaded on this point.

Systema, however, also argues that Sci-Tek does not state a valid claim for breach of implied-in-fact contract because Sci-Tek alleges that the Agreement covers the same subject matter as the alleged implied-in-fact contract. Sci-Tek responds that the Agreement and the alleged implied-in-fact contract do not cover the same subject matter because Sci-Tek's claim for breach of implied-in-fact contract seeks only commissions for sales made "outside the scope" of

---

[1] Systema argues that even if it did urge Sci-Tek to pursue sales outside the scope of the Agreement, Systema did not agree to pay commissions to Sci-Tek beyond what the Agreement required. Sci-Tek responds that based on the alleged course of conduct—including Systema's alleged knowledge that Sci-Tek was pursuing such sales during the period when the Agreement was in force and expecting to be paid commissions for such sales—Sci-Tek has adequately alleged mutual assent to enter into an implied-in-fact contract. To the extent that Sci-Tek intends to rely on such a course of dealing, it may plead that more explicitly in its next pleading.

Systema also argues that there was no "meeting of the minds" because Sci-Tek has not sufficiently alleged whether Mr. Boyle or Sci-Tek was the "sales representative" on the alleged implied-in-fact contract. Because an implied-in-fact contract may be inferred from a course of conduct andSci-Tek has alleged that "Mr. Boyle personally performed all of the services" under the contract, Am. Comp. ¶ 40, Sci-Tek need not more specifically allege whether Mr. Boyle acted in his individual capacity or in his capacity as a representative of Sci-Tek.

PAGE 5 – OPINION AND ORDER

the Agreement. ECF 15 at 5. Plaintiffs, however, do not sufficiently allege the commissions that they allegedly earned but were not paid "outside the scope of the Agreement."

Moreover, in their claim for breach of express contract, Sci-Tek seeks $90,427.00 in damages because "Systema has breached the [Agreement] by failing to make commission payments." Am. Comp. ¶¶ 33, 35. Sci-Tek's claim for breach of implied-in-fact contract seeks $197,000 in damages because Systema has "fail[ed] to pay commission for the sales of Projects outside the scope of the [Agreement]." Am. Comp. ¶¶ 41, 43. Sci-Tek, however, does not allege what additional commissions Systema failed to pay and does not make clear whether the alleged $90,427 in damages, or any part of it, is included Sci-Tek's claim for $197,000 in damages.

Indeed, in its Amended Complaint, Sci-Tek states that its claim for breach of implied-in-fact contract is "partially" in the alternative to their claim for breach of express contract "as it relates to the specific commissions due under the [Agreement]." Am. Comp. ¶ 37. In its response, to Systema's motion, however, Sci-Tek's states that it only seeks in its implied-in-fact contract claim to recover commissions for sales made outside the scope of the Agreement. ECF 15 at 5. The Court does not understand Sci-Tek's comments taken together. Sci-Tek must clarify this in any amended pleading that continues to assert a claim of breach of implied-in-fact contract. The Court grants Systema's motion to dismiss Sci-Tek's claim for breach of implied-in-fact contract and grants Sci-Tek leave to replead.

B. Sci-Tek's Claim of Quantum Meruit

In its claim of quantum meruit, Sci-Tek alleges that "[a] benefit has been conferred by Plaintiffs to Systema in the form of sales services that led to customers purchasing Systema products and services." Am. Comp. ¶ 47. Systema argues that Sci-Tek cannot maintain a claim for quantum meruit because it alleges both an express and an implied-in-fact contract covering the same subject matter. Even if Sci-Tek's claim for quantum meruit completely overlapped with

PAGE 6 – OPINION AND ORDER

its claims for breach of express contract and implied-in-fact contract, this is an acceptable instance of pleading in the alternative. As the Oregon Court of Appeals has explained:

> Such alternative pleading may be beneficial to the pleader in the situation where it is faced with a contract which may be void under the statute of frauds, where its performance has been hindered by the defendant, where the facts at trial may show that it did not substantially perform the contract but that it is entitled to the reasonable value of the services furnished, or where the pleader is unsure of whether it can actually prove the existence of the contract at trial.

*Kashmir Corp. v. Patterson*, 43 Or. App. 45, 48 (1979).

Sci-Tek's claim for quantum meruit, however, suffers from the same deficiencies as does its claim for breach of implied-in-fact contract. Sci-Tek seeks $197,000 in its claim of quantum meruit based on Sci-Tek allegedly conferring a benefit on Systema "in the form of sales services that led to customers purchasing Systema products and services." Am. Comp. ¶¶ 47, 50. As discussed previously, Sci-Tek must identify these "sales services" and the transactions that allegedly entitle Sci-Tek to $197,000 in quantum meruit damages so that Systema and the Court may determine whether those damages, or any of them, are already subsumed within Sci-Tek's claim of breach of express contract.

Indeed, in its Amended Complaint, Sci Tek seeks $90,427.00 in "additional" quantum meruit damages if the Court holds that Sci-Tek has misinterpreted Exhibit 2 of the Agreement. Am. Comp. ¶ 51. In its response to Systema's motion to dismiss, however, Sci Tek asserts that its claim for quantum meruit does *not* seek damages that are sought in its claim for breach of express contract, which is $90,427. ECF 15 at 6 ("*No* damages sought under the quantum meruit claim are for damages also sought in the express contract claim.") (emphasis added). Again, the Court does not understand Sci-Tek's comments taken together. Sci-Tek must clarify this in any amended pleading that continues to assert a claim of quantum meruit. The Court grants

PAGE 7 – OPINION AND ORDER

Systema's motion to dismiss Sci-Tek's claim for quantum meruit and grants Sci-Tek leave to replead.[2]

## CONCLUSION

Defendant's Motion to Dismiss (ECF 11) is GRANTED without prejudice. Plaintiffs may file an amended pleading within two weeks from the date of this Opinion and Order.

**IT IS SO ORDERED**.

DATED this 28th day of August, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

---

[2] Systema also argues that Sci-Tek cannot pursue its claim for quantum meruit because it incorporated by reference into that claim its allegations concerning the existence of an enforceable contract between the parties. This point may be correct in a very technical sense. If Sci-Tek chooses to include a claim of quantum meruit in any future pleadings, it should consider clarifying this issue.